**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-5213**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL DEANDRE WILSON,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:08-cr-00286-HMH-1)

———————————

Submitted:  June 25, 2009        Decided:  July 7, 2009

———————————

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Winston David Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Deandre Wilson pleaded guilty to mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2009), and use of the identification of another person in relation to mail fraud, in violation of 18 U.S.C. § 1028A (2006). The district court sentenced Wilson to seventy months of imprisonment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Wilson was informed of his right to file a pro se supplemental brief but did not do so. We affirm.

In the Anders brief, counsel questions whether the district court erred in accepting Wilson's guilty plea. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

2

Because Wilson did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Wilson] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Wilson satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. Our review of the transcript reveals substantial compliance with the requirements of Rule 11, and we conclude that Wilson pleaded guilty knowingly and voluntarily.

The remaining two issues raised by Wilson's counsel assert sentencing errors. Counsel questions whether the district court erred in applying an adjustment under the guidelines for obstruction of justice or otherwise committed plain error in sentencing Wilson. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate

3

(or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. This court then "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert denied, 129 S. Ct. 476 (2008) (quoting Gall, 128 S. Ct. at 597). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597). If the sentence is within the guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have reviewed the record and conclude that the district court neither erred in applying an adjustment for obstruction of justice nor committed reversible procedural error in sentencing Wilson. Furthermore, we conclude that Wilson's within-guidelines sentence is substantively reasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues

4

for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED